ESTATE OF CLOTILDE SANTIAGO RIVERA, DECEASED, GUILLERMO E. GONZALEZ AND JOSE HERNANDEZ USERA, EXECUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36335. Promulgated November 21, 1952.

*Eugene Blanc, Jr., Esq.*, for the petitioner.
*Ellyne E. Strickland, Esq.*, for the respondent.

272

OPINION.

BLACK, *Judge:* This case involves the applicability of the Federal estate tax to a Puerto Rican citizen and resident at the time of his death. Respondent maintains that the decedent's estate should be taxed in the same manner as an estate of a nonresident alien not a citizen of the United States. Accordingly, pursuant to sections 860 to 865, Part III, I. R. C., respondent has attempted to tax only that portion of this decedent's property located within the United States at the time of death, excluding property located in Puerto Rico. Petitioners contend that the estate of the decedent, who was a citizen and a resident of Puerto Rico is not subject to Federal estate tax, and the decedent was an American citizen who cannot be taxed as a nonresident alien.

In *Estate of Albert DeCaen Smallwood*, 11 T. C. 740, decedent, a citizen of continental United States by reason of birth in St. Louis,

Missouri, acquired a domicile in Puerto Rico which he had at the time of his death. He was, therefore, also a citizen of Puerto Rico, exactly as was the decedent herein, i. e., both decedents were, in the language of the Tax Court in that case "citizens of the United States, who are also citizens of Puerto Rico." This Court held that Part II of the estate tax law (sections 810 to 851, I. R. C.) is not applicable because:

The careful omission of American citizens who are residents and citizens of Puerto Rico negatives any intention on the part of Congress to regard such persons as subject to the Federal estate tax.

Both the language of this opinion and the rationale of the decision apply to this case, the only difference being in the time and manner of acquisition of American citizenship.

The *Smallwood* case, *supra*, goes into the background of the fiscal independence of Puerto Rico and the paternalistic position of the United States, and we shall not repeat a detailed discussion here. The Congress has specifically provided since 1900 that the statutory laws of the United States not locally inapplicable shall apply to Puerto Rico "except the internal revenue laws." See the Organic Act of 1900, known as the Foraker Act, 31 Stat. 77; the Second Organic Act, 39 Stat. 951 (1917), as amended 48 U. S. C. sec. 734 (1946). Congress has twice amended the exception to the Second Organic Act relating to the internal revenue laws without making the Federal estate tax applicable, 49 Stat. 1947 (1936) and 60 Stat. 158 (1946).

The respondent attempts to distinguish the *Smallwood* case because of a difference between a tax asserted under Part II of the estate tax law, sections 810 to 851, I. R. C., relating to estates of a "citizen or resident," and a tax asserted under Part III, sections 860 to 865. I. R. C., relating to a "nonresident not a citizen." Respondent is seeking to tax the decedent's estate under the law applying to "a nonresident not a citizen of the United States." However, Puerto Ricans, including the decedent herein, are full American citizens by virtue of the Jones Act, *supra*. The policy behind this enactment was "the desire to put them [Puerto Ricans] as individuals on an exact equality with citizens from the American homeland." See *Balzac* v. *Porto Rico*, 258 U. S. 298, 311. Moreover, since the Nationality Act of 1940, full United States citizenship may be obtained by birth in Puerto Rico just as much as by birth in continental United States. 8 U. S. C. 602. Puerto Ricans may, therefore, not be treated or described in ways which make distinctions as to the time or means of acquisition of citizenship.

We hold that the Federal estate tax is not applicable to a citizen of the United States who was domiciled in Puerto Rico and the decedent

was an American citizen who cannot be taxed as a nonresident alien. Having decided the main issue in petitioner's favor, it becomes unnecessary to pass upon its alternative contention.

*Decision will be entered for the petitioner.*